# In the United States District Court for the Southern District of Georgia Brunswick Division

LATISHA D. FARROW,

    Plaintiff,

v.

OLE TIMES BUFFET, HUMAN RESOURCES DEPARTMENT; OLE TIMES BUFFET CORPORATION; and OLD TIMES BUFFET, BRUNSWICK GA 31520,

    Defendants.

2:23-CV-113

## ORDER

Before the Court is Plaintiff Latisha Farrow's complaint, dkt. no. 1, which qualifies as a shotgun pleading. For the reasons below, Plaintiff is **ORDERED** to file a more definite statement of her claims.

## BACKGROUND[1]

Plaintiff initiated this action against Defendants on October 6, 2023. Dkt. No. 1. She appears to assert claims for wrongful termination and retaliation under the Americans with Disabilities

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016). Additionally, the Court is required to liberally construe pro se complaints. Lapinski v. St. Croix Condo. Ass'n, Inc., 815 F. App'x 496, 497 (11th Cir. 2020).

Act of 1990, 42 U.S.C. §§ 12112 et seq. <u>Id.</u> at 3, 4. She seeks $100,000 in damages. <u>Id.</u> at 4.

The factual allegations of Plaintiff's complaint are as follows, in their entirety.

> On December 3, 2021, [Plaintiff] began [her] employment with [Ole Times Country Buffet] as a Runner for the salad bar. Valerie (Last Name Unknown), Supervisor, would always tell me that she was jealous of [Plaintiff]. On February 25, 2023, Valerie brought [Plaintiff] to the office and told [Plaintiff] to read a customer complaint against [Plaintiff]. [Plaintiff] was terminated on the same day. On July 11, 2023, [Plaintiff] contacted Donna Hilliard, Human Resources, and request another copy of [her] separation notice. Donna told [Plaintiff] and [she] was never terminated but [Plaintiff] was listed as a voluntary quit.
>
> [Ole Times Country Buffet] told [Plaintiff] [she] was being terminated due to a violation. I, II, and II. [Plaintiff] was never aware of the policies and never received an employee handbook. [Plaintiff's] supervisor told [her] [she] was terminated due to the complaints in a customer's letter. [Plaintiff] believe[s] [her] supervisor falsified the complaint letter to terminate [her] because [the supervisor] was upset regarding a fellow colleague gifting [Plaintiff] a pair of earbuds. [Plaintiff] believe[s] [she] was wrongfully terminated.

<u>Id.</u> at 9.

> On many different times she always talk about why [Plaintiff] was this to work or that to work your butt to big even in front of others employees[.] [Plaintiff] never complain because things like that always goes on at this job and nobody wasn't going do anything about it. But [Plaintiff] asking court award [her] $100,000 because of falsefiling my departion notice and writing a letter to get me fired after I got copy from Human Resources saying quit!
>
> [Plaintiff's] supervisor Val at the time had a problem with [Plaintiff] on that Sunday and the date [Plaintiff]

2

> was fired she gave [Plaintiff] a separation notice saying [Plaintiff] was fired because he say she say but [Plaintiff] found out later on [she] was never fired Human Resources said [Plaintiff] quit also Val had a letter from a customer had written with no last name and that's why [Plaintiff] was fired.
>
> [Plaintiff] believe[s] [she] falsified the document and Human Resources states that [Plaintiff] was fired as well but [Plaintiff] got documents saying [she] quit. [Plaintiff] never did quit.

Id. at 4, 5. Attached to Plaintiff's complaint is a copy of a Charge of Discrimination filed with the Equal Employment Opportunity Commission, id. at 9, wherein Plaintiff indicates Defendants subjected her to discrimination in the form of retaliation, in violation of Title VII of the Civil Rights Act of 1964. Id. at 9.

**LEGAL STANDARD**

In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). But the Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

So viewed, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."

Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added)(quoting Fed. R. Civ. Proc. 8(a)(2)).

## DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) further provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted. Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015).  Courts are not required to "sift through the facts presented and decide for [itself] which [are] material." Beckwith

4

v. BellSouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as "shotgun pleadings." The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings." Weiland, 792 F.3d at 1321. The one most relevant here is a complaint that "is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322.

Plaintiff's complaint contains numerous factual allegations that are not obviously connected to any particular cause of action. The complaint does not include "a short and plain statement of the claim showing that the pleader is entitled to relief," and, therefore, does not meet the pleading requirements of Rule 8. Further, Plaintiff's factual allegations do not promote clarity but instead are more akin to a stream of consciousness, which plainly is not "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The complaint is therefore a shotgun pleading.

"[D]istrict courts have a 'supervisory obligation,' under Rule 12(e), to *sua sponte* direct a plaintiff to better plead his complaint 'when a shotgun complaint fails to adequately link a cause of action to its factual predicates.'" Lampkin-Asam v.

5

Volusia Cnty. Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008) (quoting Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1275 (11th Cir. 2006)).  Further, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."  Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam).  Accordingly, Plaintiff is **ORDERED** to file a more definite statement of her claims within **twenty (20) days** of the date of this Order.  Her failure to do so will result in dismissal of this action.  Further, Plaintiff is warned that her failure to clearly assert sufficient facts to state a claim for relief in a coherent manner will result in dismissal of this case.

## CONCLUSION

Plaintiff is **ORDERED** to file a more definite statement of her claims, as directed above, within **twenty days** of the date of this Order.

**SO ORDERED** this 16 day of October, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA