# In the United States District Court for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| LATISHA D. FARROW,<br><br>    Plaintiff,<br><br>v.<br><br>OLE TIMES BUFFET, HUMAN RESOURCES DEPARTMENT; OLE TIMES BUFFET CORPORATION; and OLD TIMES BUFFET, BRUNSWICK GA 31520,<br><br>    Defendants. | 2:23-CV-113 |

**ORDER**

Plaintiff Latisha Farrow initiated this employment action on October 6, 2023. Dkt. No. 1. On October 16, 2023, the Court issued an Order finding Plaintiff's complaint was a shotgun pleading and ordering Plaintiff to file a more definite statement. Dkt. No. 6. Plaintiff has responded to the Order, dkt. no. 7, and the Court construes her response as an amended complaint. For the reasons stated below, the amended complaint is **DISMISSED with prejudice**.

**BACKGROUND**[1]

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016). Additionally, the Court is required to liberally construe

In the first sentence of her untitled response to the Court's show-cause Order, Plaintiff states simply that her "complaint [wa]s not a shot gun pleading." Dkt. No. 7 at 1. Nevertheless, the Court liberally construes Plaintiff's response as an amended complaint.

According to the amended complaint, on February 20, 2023, after a coworker had given Plaintiff a pair of Beats headphones as a Valentine's Day gift, Valire, Plaintiff's supervisor at Ole Times Buffet, called Plaintiff into her office and terminated Plaintiff's employment. Id. at 2-3. Plaintiff received a separation notice. Id. at 2. Plaintiff then heard Trey O'Neal, presumably a coworker, saying Plaintiff was fired because a customer had written a complaint about Plaintiff. Id. at 2, 4.

However, on July 11, 2023, Dona Hillard in Human Resources informed Plaintiff that Plaintiff had not been fired but had quit. Id. at 2. Indeed, the separation notice Valire gave to Plaintiff indicates Plaintiff was "[t]erminated for Company Handbook Violations: 1, 2, 17, 34," id. at 8, but Valire's email to Human Resources indicates Plaintiff voluntarily quit, id. at 9.

Plaintiff states she never received or signed an employee handbook. Id. at 2. Plaintiff also states Valire, who is white,

---

pro se complaints. Lapinski v. St. Croix Condo. Ass'n, Inc., 815 F. App'x 496, 497 (11th Cir. 2020).

dates African American guys and "anybody that was [Plaintiff's] color attempted to come in [her] work area [Valire] would always say[] to them don't talk to her get out her work area." Id. at 5. Additionally, Valire once told Plaintiff she was jealous of Plaintiff "because of what [Plaintiff] looked like or how [her] butt was shape[d]." Id. Plaintiff states she did not like Valire's comment but "never reported it." Id. Plaintiff states Valire falsified her separation notice and violated her civil rights. Id. Plaintiff complains she should have received a "proper investigation with managers instead of supervisor Val" because Valire "didn't do hiring and firing." Id. at 6. She seeks $100,000 due to wrongful termination and retaliation.[2] Id. at 3.

## LEGAL STANDARD

In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). But the Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met;

---

[2] Attached to Plaintiff's original complaint is a copy of a Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC"), dkt. no. 1 at 9, wherein Plaintiff indicates Defendants subjected her to discrimination in the form of retaliation, in violation of Title VII of the Civil Rights Act of 1964, id. at 9.

3

legal conclusions are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

So viewed, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added)(quoting Fed. R. Civ. Proc. 8(a)(2)).

## DISCUSSION

### I. Shotgun Pleading

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) further provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

4

The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted. Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015). Courts are not required to "sift through the facts presented and decide for [itself] which [are] material." Beckwith v. BellSouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as "shotgun pleadings." The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings." Weiland, 792 F.3d at 1321. The one most relevant here is a complaint that "is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322.

Plaintiff's complaint contains numerous factual allegations that are not obviously connected to any particular cause of action. Indeed, Plaintiff states no cause of action other than a general violation of her "civil rights." See Dkt. No. 7 at 5. Even if the Court gleans from the EEOC Charge attached to her original complaint—but not her amended complaint—that she asserts a retaliation claim under Title VII, the amended complaint still

5

does not include "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). Further, Plaintiff's amended complaint completely ignores Rule 10(b)'s requirement that factual allegations be in numbered paragraphs and "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Like the factual allegations in her original complaint, those contained in her amended complaint do not promote clarity but instead are more akin to a stream of consciousness. The complaint is therefore a shotgun pleading.

## II.  Futility of Amendment

When the Court determined Plaintiff's original complaint was a shotgun pleading, it *sua sponte* directed her to better plead her complaint. Dkt. No. 6; see also Lampkin-Asam v. Volusia Cnty. Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008) ("[D]istrict courts have a supervisory obligation, under Rule 12(e), to *sua sponte* direct a plaintiff to better plead his complaint when a shotgun complaint fails to adequately link a cause of action to its factual predicates." (quotation marks omitted)). Further, the Court warned Plaintiff that "her failure to clearly assert sufficient facts to state a claim for relief in a coherent manner will result in dismissal of this case." Dkt. No. 6 at 6.

Plaintiff's amended complaint is, yet again, a shotgun pleading. Generally, "[w]here a more carefully drafted complaint

6

might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam).  Here, Plaintiff has been given that opportunity.  Moreover, the Court finds that even if Plaintiff were given a third bite at the apple, amendment would be futile. See Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (courts need not grant an opportunity to amend where amendment would be futile).

To the extent Plaintiff attempts to assert a claim for retaliation under Title VII—which is the only claim the Court can glean from the amended complaint—her claim fails.  For Plaintiff to establish a prima facie case of retaliation under Title VII, she must show that "(1) [s]he engaged in statutorily protected expression; (2) [s]he suffered an adverse employment action; and (3) there is some causal relation between the two events." McMillian v. Postmaster Gen., U.S. Postal Serv., 634 F. App'x 274, 277 (11th Cir. 2015) (quoting Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2001)).  Here, while Plaintiff suffered an adverse employment action, i.e. being terminated from her job, she has failed to allege that she engaged in statutorily protected expression.  Indeed, Plaintiff admits that when her supervisor Valire allegedly made untoward comments to Plaintiff about her derriere, Plaintiff "never reported" Valire's comments

7

to anyone. Therefore, Plaintiff cannot show she engaged in protected conduct, one of the necessary elements to establish a prima facie case of retaliation under Title VII. Thus, allowing Plaintiff an additional opportunity to amend her complaint would be futile. As a result, **DISMISSAL** of Plaintiff's amended complaint **with prejudice** is appropriate. Bank, 928 F.2d at 1112.

## CONCLUSION

Plaintiff's amended complaint, like her original complaint, is a shotgun pleading. Further, allowing Plaintiff another opportunity to amend her complaint would be futile. Accordingly, Plaintiff's amended complaint, dkt. no. 7, is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 6th day of November, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA